UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON JANKUSKI, BROOKE McKINNEY and ALTON MORRIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEATH CONSULTANTS, INC.; GRAHAM MIDGLEY; and GARY LAPE,<br><br>Defendants. | Case No. 12-cv-4549<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Jason Jankuski, Brooke McKinney, and Alton Morris claim Defendants Heath Consultants, Inc.[1] ("Heath"); Graham Midgley; and Gary Lape violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by failing to accurately maintain records of time worked by Plaintiffs and failing to pay the time worked by Plaintiffs. Plaintiffs have moved for conditional certification of a collective action and to facilitate notice under 29 U.S.C. § 216(b).[2] For the reasons discussed below, the Motion is granted.

---

[1] Plaintiffs refer to Defendant Heath Consultants, Inc. as "Health Consultants, Inc." in both the motion for certification and the reply brief. However, the action was filed against Heath Consultants, Inc., and the party shall be identified as Heath Consultants in this Opinion.

[2] Plaintiffs also claim violations of Illinois wage payment and minimum wage laws on behalf of a putative class but have not yet moved for class certification on those claims.

**BACKGROUND**

The following facts are taken from the allegations in Plaintiffs' Complaint and from declarations (with attached exhibits) submitted in connection with the parties' briefs in support of and in opposition to Plaintiffs' Motion.

Heath provides gas management services and products to utilities and municipalities, which in turn provide gas services to consumers. (Resp. at 3.) Specifically, Heath provides gas management services and products for People's Gas throughout the State of Illinois. (Mot. at 4; Resp. at 3.) Graham Midgley is the President and CEO of Heath, and Gary Lape is the Vice President of Operations. (Compl. ¶¶ 10-11.) In these positions, Lape and Midgley have the authority to hire and fire employees; direct and supervise employees' work; and make decisions pertaining to wages, employee hours, and employee compensation. (*Id.*) Named Plaintiffs are former employees of Heath. (Compl. ¶ 12; Resp. at 9.) Plaintiffs were employed by Heath as shutoff technicians. (Mot. Ex. B, Jankuski Decl. ¶¶ 1, 5; Ex. B, McKinney Decl. ¶¶ 1, 5; Ex. B., Morris Decl. ¶¶ 1, 5.) Specifically, Plaintiffs seek to bring claims on behalf of all shutoff technicians, including named Plaintiffs, who were subjected to Defendants' treatment, which included: (1) Defendants' failure to pay Plaintiffs for time worked prior to the start of their shifts and failure to properly record this time; (2) Defendants' failure to record and pay Plaintiffs for work performed after their scheduled shifts; (3) Defendants' automatic deduction from Plaintiffs' pay for their use of company vehicles.

Plaintiffs move to conditionally certify a collective action. Plaintiffs propose the following as a definition of the putative plaintiffs entitled to notice: "All individuals who

were employed, or are currently employed, by one or more of the Defendants, its subsidiaries or affiliated companies, as technicians or any other similarly-titled position at any time during the relevant statute of limitations period." (Mot. at 2.)

## LEGAL STANDARD

The FLSA entitles nonexempt employees to receive one-and-a-half times their regular rate of pay for each hour worked above forty per week. *See* 29 U.S.C. § 207. A plaintiff may bring a collective action on behalf of "other employees similarly situated" in an action to recover unpaid wages. 29 U.S.C. § 216(b). Unlike class actions under Federal Rule of Civil Procedure 23, members of a Section 216(b) collective action are not bound by the court's decision unless they "opt-in." *See Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982); *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 847 (N.D. Ill. 2008) (*Jirak*).

The FLSA does not contain specific provisions governing how collective actions are to proceed, and neither the Supreme Court nor the Seventh Circuit provide definitive guidance regarding the burden of establishing that others are "similarly situated" for purposes of providing notice to potential claimants. Consequently, the management of these actions has been left to the discretion of the district courts. *See Jirak*, 566 F. Supp. 2d at 847 (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170-72 (1989)).

Collective actions under the FLSA generally operate under a two-step process. *See Russell v. Ill. Bell Tel. Co.*, 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008) (*Russell*). First, the plaintiff must show there are similarly situated employees who are potential claimants. *Mielke v. Laidlaw Transit, Inc.*, 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004). To

meet this burden, the plaintiff must make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003) (citation omitted). This initial certification is conditional, and courts use a "lenient interpretation" of the term "similarly situated." *Russell*, 575 F. Supp. 2d at 933. If a plaintiff meets this burden, conditional certification should be granted. Notice may then be sent to potential class members, allowing them an opportunity to opt in to the action. *See Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 779 (N.D. Ill. 2007) (*Heckler*).

The second step of the collective-action process comes after the opt-in process is completed and discovery has commenced. Then, the defendant may ask the court to "reevaluate the conditional certification 'to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis.'" *Jirak*, 566 F. Supp. 2d at 847, 848 (quoting *Heckler*, 502 F. Supp. 2d at 779). If the court determines such similarities do not exist, conditional certification can be revoked. *Russell*, 575 F. Supp. 2d at 933.

At this first stage, "[u]nless defendant admits in its answer or briefs that other similarly situated employees exist, plaintiffs cannot rely on their allegations alone to make the required modest factual showing." *Molina v. First Line Solutions LLC*, 566 F. Supp. 2d 770, 786 (N.D. Ill. 2007) (*Molina*); *see also Howard v. Securitas Security Servs., USA Inc.*, No. 08 C 2746, 2009 WL 140126, at *5 (N.D. Ill. Jan. 20, 2009) (stating that the court should not accept all allegations as true but must

evaluate the record before it).  Although Plaintiffs are not required to provide conclusive support for their claims at this stage, "they must provide an affidavit, declaration, or other support beyond allegations in order to make a minimal showing of other similarly situated employees subjected to a common policy."  *Molina*, 566 F. Supp. 2d at 786.

ANALYSIS

Plaintiffs seek a conditional certification of an FLSA collective action and for the authority to Plaintiffs to send notice of the collective action to "anyone who worked for HEALTH [sic] CONSULTANTS, INC. as a technician any time in the past three (3) years." (Mot. Ex. C.) Defendants oppose Plaintiffs' motion for conditional certification, asserting that Plaintiffs have failed to demonstrate the existence of a common policy or practice at Heath that violated the FLSA and that Plaintiffs' claims are inappropriate for a collective action, as they rely upon individual issues.

Plaintiffs support their allegations that employees were required to start their workday prior to their shifts by declarations that state, "[p]ursuant to Heath directives, I typically started my day at 5:00 a.m. by logging on to my company lap top computer to receive jobs for the day," and were required to perform additional work after the end of a shift. (Mot. Ex. B, ¶¶ 7, 12.) However, Plaintiffs submit no evidence of Heath directives regarding the start of their workday beyond the averments made in their declarations. To the contrary, Defendants submit "Work From Home Policy" documents signed by each of the named Plaintiffs, which indicates that employees are not permitted to work at home or otherwise perform work off the clock. (*See* Resp. Ex. 2.) Defendants also submitted declarations from current employees, who attest to the fact that they are not required to do any work off the clock and have been instructed not to perform any work off the clock. (Resp. Ex. 5, 6.) However, credibility determinations are improper at this stage, and the evidence of Defendants' policy may not be accepted over Plaintiffs' contrary evidence. *See Russell*, 575 F. Supp. 2d at 935 ("[T]he mere fact that a company

has a written overtime policy does not defeat conditional certification when a plaintiff provides countervailing evidence of a common policy of not paying for overtime.").

At this juncture in the litigation, Plaintiffs are only required to demonstrate that potential class members are "similarly situated," and the term is afforded a lenient interpretation. *Jirak*, 566 F. Supp. 2d at 848. This is an undemanding standard, and a plaintiff need only make a "'modest factual showing' that other potential class members are similarly situated." *Kelly v. Bank of America*, No. 10 C 5332, 2011 WL 4526674, at *2 (N.D. Ill. Aug. 30, 2011) (quoting *Larsen v. Clearchoice Mobility, Inc.*, No. 11 C 1701, 2011 WL 3047484, at *2 (N.D. Ill. July 25, 2011)). "At this stage, the court does not resolve factual disputes or decide substantive issues going to the merits." *Id.*

Shutoff technicians at Heath performed similar duties by turning off gas meters; they also each have their own laptop computers upon which they receive their daily routes and are required to complete similar paperwork each workday. (Resp. at 3-4.) Based on the evidence submitted, shutoff technicians may be required to log-on to their laptops prior to the beginning of a shift in order to review their daily routes. Despite having a "Work From Home Policy," Plaintiffs argue, Defendants also have in place an "unwritten *de facto* policy that [shutoff technicians] perform work before and after their scheduled shifts without pay." (Reply at 6.) Plaintiffs are not required to prove the existence of this *de facto* policy at this stage in the litigation, though they will eventually have to meet more than a modest factual showing. Additionally, it is undisputed that Defendants make tax deductions from Plaintiffs' pay for the use of company vehicles; Defendants' arguments that such deductions are required by applicable tax law are

premature at this time.  After reviewing the evidence submitted by Plaintiffs and applying the lenient standard appropriate at this stage, Plaintiffs have made a modest factual showing that Plaintiffs and other similarly situated individuals were victims of a common policy or plan on the part of Defendants to require employees to work without pay.

However, Defendants further contend that, even if Plaintiffs can meet this modest showing, Plaintiffs' proposed collective action is overbroad.  Plaintiffs concede in their reply brief that there are other types of technicians employed by Heath and "stipulate that they are only seeking to issue notice to shutoff technicians working for Defendants across the country."  (Reply at 1 n.1.)  Thus, notice of the collective action should be issued only to shutoff technicians employed by Heath in the State of Illinois, as described in Plaintiffs' Motion.  (Mot. at 3-4.)

**CONCLUSION**

Plaintiffs have met the modest factual showing required to conditionally certify this action as a collective action pursuant to 29 U.S.C. § 216(b). Accordingly, Plaintiffs' Motion is granted. Stephan Zouras, LLP is appointed counsel for the Plaintiff class. Defendants are ordered to produce a computer-readable data file, containing the names, addresses, telephone numbers, and e-mail addresses of such potential opt-in members (shutoff technicians employed by Defendants) so that notice may be implemented. Plaintiffs are authorized to send notice of the collective action by U.S. first class mail and e-mail to all of the putative class members who have not yet had their federal claims for unpaid wages previously adjudicated, to inform them of their rights to opt-in to this suit.

Date: December 5, 2012

JOHN W. DARRAH
United States District Court Judge